CRUIKSHANK (UNITED STATES v.). See Case No. 14,897.

## Case No. 3,454.

### CRUM v. ABBOTT et al.

[2 McLean, 233.] [1]

Circuit Court, D. Michigan. Oct. Term, 1840.

PROMISSORY NOTE—PARTNERSHIP LIABILITY.

Goods were purchased by one of the defendants, for which a promissory note was given; afterwards he entered into partnership with the other defendant, and by the consent of both partners and the holder of the note, the words, "and company," were added to make the note stand against the firm; *held*, the note was binding on the company.

Mr. Frazer, for plaintiff.
Mr. Abbott, for defendants.

OPINION OF THE COURT. This action is brought on a promissory note, signed by S. M. Layton & Co., and on account; the general issue was pleaded, and, on the trial, it was proved that the note was first signed by S. M. Layton, and that, some time after it was due, the defendants having entered into partnership, and received the goods, for which the note was given, into the firm, the signature of the note was altered, with

[1] [Reported by Hon. John McLean, Circuit Justice.]

the consent of all parties, by adding, "and company." An objection was made to receiving the note in evidence, on the ground that the goods were purchased by Layton, in the first instance, and Abbott, though subsequently a partner, could not be held liable for them. In order to subject a person to liability, as a partner, he must have been a partner, or appeared so, at the date or issuing of the bill, or making the contract. Dalman v. Orchard, 2 Car. & P. 104; Saville v. Robertson, 4 Term R. 720.

The first of these cases arose on an acceptance of a bill, by one of a firm which had been dissolved, and the court, very properly, held that it was not binding on the late partners. The second case was an issue directed out of chancery, and it was held, that acts subsequent to the time of delivering goods on a contract may be admitted as evidence to show that the goods were delivered on a partnership account, if it were doubtful at the time of the contract. But if it clearly appear that no partnership existed, at the time of the contract, no subsequent act by any person, who may afterwards become a partner, not even an acknowledgment that he is liable, or his accepting a bill of exchange drawn on them as partners for the very goods, will make him liable for goods sold and delivered, though all the judges held that he would be liable on the bills of exchange. Lord Kenyon said he entertained no doubt, if the action had been on the bills of exchange, which had been accepted by the company, that the plaintiff might have recovered. And of this opinion were the other judges. That case involved the same principle as the one under consideration. When the contract was made for the purchase of the goods the partnership had no existence. It was afterwards formed, and included the property purchased, and, in payment of it, bills of exchange were accepted by the company. When the debt was contracted it was an individual debt, and for which the company formed subsequently were not responsible. A parol assumpsit of the company to pay this debt would not have bound them, as it was, technically, the debt of another; and the parol promise would have been void under the statute of frauds. But by the acceptance of the bills of exchange, by the company, there was a promise in writing, and there was a good consideration to support the promise. And so in the case under consideration. The goods were purchased by Layton, and the debt was his. But afterwards Layton and Abbott formed a partnership, and the same goods became the property of the firm. And with the consent of both partners, and the holder of the note given by Layton for the goods, the words, "and company," were added to make the note good against the firm. This was done after the note was due, but this can constitute no ground of objection. It was an undertaking by the firm to pay the note, and it was founded upon a valuable consideration. The transaction may be unusual, and certainly required explanation, but, when explained, it appears to have been fair and equitable. In the case of Westcott v. Price, Wright, 220, the court held that drafts may be drawn on a firm by name, in anticipation of a partnership, and if accepted, after one is formed, the acceptance binds the partnership.

Upon the whole, if the jury shall find the facts as above stated, they will find for the plaintiff, and a verdict for the plaintiff was accordingly rendered by them.